IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

COLUR WORLD, LLC : CIVIL ACTION
:
v. : No. 24-1507
:
SCHNEIDER MEDICAL INDUSTRIES :

**MEMORANDUM**

**Judge Juan R. Sánchez**                                                                               **August 21, 2024**

      Plaintiff Colur World, LLC brings this action against Defendant Schneider Medical Industries ("SMI") for selling pink nitrile gloves which infringe on Colur World's trademarks. SMI moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. Because Colur World has failed to demonstrate SMI purposefully directed its activities towards Pennsylvania, the motion to dismiss will be granted. The Court will transfer this case to the United States District Court for the Central District of California.

**BACKGROUND**

      Colur World is a company which sells pink nitrile gloves for medical and dental use. Compl. ¶ 8, ECF No. 1. It is "the exclusive owner of all right, title and interest in and to a trademark" of (1) the pink color used on the gloves, and (2) the wordmark "PINK NITRILE." *Id*. Colur World has sold these pink nitrile gloves since 2005. *Id*. ¶ 11. And since 2007, it has licensed the right to use its color and wordmark to manufacturers and distributors. *Id*. ¶ 12. Colur World alleges SMI, a disposable gloves manufacturer, has unlawfully adopted Colur World's color and wordmark to sell its own pink nitrile gloves. *Id*. ¶¶ 20-24. SMI sells the gloves through its website and other distributor websites such as Amazon.com. *Id*. ¶¶ 22, 24. Colur World never consented to SMI doing so. *Id*. ¶ 25. On February 16, 2024, Colur World sent a cease-and-desist letter to SMI

regarding its sale of the infringing products. *Id*. ¶ 28. Colur World sent an additional letter on March 4, 2024. *Id*. ¶ 29. But SMI continued to sell the pink gloves. *Id*. ¶ 30.

On April 11, 2024, Colur World filed a six-count complaint against SMI, claiming trademark infringement (Counts I, III, and V), unfair competition (Counts II and VI), and injury to business or reputation and dilution of trademarks (Count IV). ECF No. 1. On June 7, 2024, SMI filed a motion to dismiss the Complaint for lack of personal jurisdiction. ECF No. 9. On June 21, 2024, Colur World filed a response in opposition, and on June 28, 2024, SMI filed a reply brief in support of the motion. ECF Nos. 10-11. On July 23, 2024, the Court heard oral arguments. The motion is now ripe for review.

**STANDARD OF REVIEW**

To survive a motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of establishing the Court's jurisdiction over the moving defendants. *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004). "[W]hen the court does not hold an evidentiary hearing on the motion to dismiss, the plaintiff need only establish a prima facie case of personal jurisdiction and the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor." *Id*. (citation omitted). "Unlike a Rule 12(b)(6) motion, the Court's review of a Rule 12(b)(2) motion is not limited to the face of the pleadings and the Court may rely on sworn affidavits submitted by the parties or other competent evidence that supports jurisdiction." *Lutz v. Rakuten, Inc.*, 376 F. Supp. 3d 455, 463 (E.D. Pa. 2019) (citing *Patterson by Patterson v. F.B.I.*, 893 F. 2d 595, 603-04 (3d Cir. 1990)).

Generally, "[a] federal district court may assert personal jurisdiction over a nonresident of the state in which the court sits to the extent authorized by the law of that state." *Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 436 (3d Cir. 1987) (citing Fed. R. Civ. P.

4(e)). Pennsylvania's long-arm statute authorizes the exercise of jurisdiction "to the fullest extent allowed under the Constitution of the United States and may be based on the most minimum contact with this Commonwealth allowed under the Constitution." 42 Pa. C.S. § 5322(b); *see also O'Connor v. Sandy Lane Hotel*, 496 F.3d 312, 316 (3d Cir. 2007). The Court thus must "ask whether, under the Due Process Clause, the defendant has certain minimum contacts with . . . [Pennsylvania] such that the maintenance of this suit does not offend traditional notions of fair play and substantial justice." *O'Connor*, 496 F.3d at 316 (citation and internal quotation marks omitted).

**DISCUSSION**

SMI moves to dismiss Colur World's Complaint because this Court lacks personal jurisdiction. Def.'s Mem. Law 2, ECF No. 9-1. Because the Court agrees, the motion to dismiss will be granted.

There are two types of personal jurisdiction: general and specific. *O'Connor*, 496 F.3d at 317. General jurisdiction exists when a corporation's "affiliations with the State are so continuous and systematic as to render [it] essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (citation and internal quotations omitted). These affiliations include the corporation's place of incorporation and principal place of business. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). General jurisdiction may also exist in the "exceptional case" where "a corporation's operations in a forum other than its formal place of incorporation or principal place of business may be so substantial and of such a nature as to render the corporation at home in that State." *Id*. at 139 n.19. Pennsylvania is not SMI's place of incorporation or principal place of business. *See* Compl. ¶ 2. And Colur World does not allege

SMI's operations in Pennsylvania are "so substantial" as to render it at home in this state.[1] *Daimler*, 571 U.S at 139 n.19. The Court thus lacks general jurisdiction over SMI.

Colur World instead argues this Court has specific jurisdiction over SMI. Pl.'s Mem. Law Opp'n 7-12. In determining whether specific jurisdiction exists, courts must make a three-part inquiry:

> First, the defendant must have purposefully directed [its] activities at the forum. Second, the litigation must arise out of or relate to at least one of those activities. And third, if the prior two requirements are met, a court may consider whether the exercise of jurisdiction otherwise comport[s] with fair play and substantial justice.

*O'Connor*, 496 F.3d at 317 (citations and internal quotation marks omitted). "The contacts must be the defendant's own choice and not random, isolated, or fortuitous." *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359 (2021) (citation and internal quotation marks omitted).

As to personal jurisdiction based on an online website, a seminal authority is *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119 (W.D. Pa. 1997). In *Zippo*, the court explained the exercise of personal jurisdiction depends on a "sliding scale" of the website's commercial interactivity. 952 F. Supp. at 1124. Personal jurisdiction exists where a defendant "clearly does business over the Internet" and the claim relates to or arises out of use of the defendant's website. *Id*. On the opposite end of the scale, a court may not exercise personal jurisdiction where a defendant's website merely posts information accessible to users. *Id*. After *Zippo*, the Third Circuit confirmed that "the mere operation of a commercially interactive web site should not subject the operator to jurisdiction anywhere in the world." *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 454 (3d Cir. 2003). Instead, there must be evidence of the defendant "directly targeting its web

---

[1] Colur World does not dispute the lack of general jurisdiction. *See* Pl.'s Mem. Law Opp'n 7, ECF No. 10.

site to the state, knowingly interacting with residents of the forum state via its web site, or through sufficient other related contacts." *Id*.

None of the factual allegations in this case show SMI purposefully availed itself of Pennsylvania via its personal or Amazon websites. Colur World essentially argues SMI purposefully directed its activities towards Pennsylvania because SMI operates websites available to customers throughout the United States—including in Pennsylvania. But the mere use of an interactive website does not establish personal jurisdiction. *See Kloth v. S. Christian Univ.*, 320 F. App'x 113, 116 (3d Cir. 2008) (explaining a prima facie case for the exercise of personal jurisdiction requires "more than mere interactivity"). Even where a defendant maintains a website with a nationwide reach, "foreseeability [of contacts in a certain state] alone cannot satisfy the purposeful availment requirement." *Id*. (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 295 (1980)). The inquiry is whether SMI directly targeted, knowingly interacted with, or otherwise sufficiently contacted Pennsylvania residents through its websites. *Toys "R" Us*, 318 F.3d at 454. There is no evidence of such purposeful availment here, and the Court will not assume SMI targeted Pennsylvania simply because its website and Amazon sales page are accessible to Pennsylvania residents. *See Flipside Wallets LLC v. Brafman Grp. Inc.*, Civ. No. 19-5356, 2020 WL 1330742, at *3 (E.D. Pa. Mar. 19, 2020) ("While [the defendant] surely benefit[s] from the nationwide market reach of Amazon, [defendant]'s use of a third-party website to facilitate sales does not satisfy the 'purposeful availment' standard as required by *Toys "R" Us*."); *see also Guidecraft, Inc. v. OJCommerce, LLC*, Civ. No. 18-1247, 2019 WL 2373440, at *5 (W.D. Pa. May 20, 2019) ("While the Court is cognizant of the benefits a business derives from being able to glean costumers thousands of miles away [with Amazon] . . . such reach does not meet the definition of 'purposeful availment' as interpreted by the Third Circuit[.]").

Though Colur World offers numerous arguments in an attempt to establish purposeful availment, none are persuasive.[2] As Colur World conceded at oral argument, the only evidence of SMI's contacts with Pennsylvania is its use of Amazon to sell its products. And, as stated above, use of Amazon alone is not enough to demonstrate purposeful availment. Because Colur World has not shown how SMI directly targeted, knowingly interacted with, or otherwise sufficiently contacted Pennsylvania residents through its website or Amazon page, Colur World has failed to show this Court has specific personal jurisdiction over SMI.

Colur World alternatively requests jurisdictional discovery to determine "who actively conducts the sale, manufacture, and shipment of Infringing Products into" Pennsylvania. Pl.'s Mem. Law Opp'n 13. Jurisdictional discovery is appropriate "when the plaintiff presents factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts between [the party] and the forum state[.]" *Aldossari on Behalf of Aldossari v. Ripp*, 49 F.4th 236, 259 (3d Cir. 2022) (citation and internal quotation marks omitted). But bare allegations alone do not justify jurisdictional discovery. *Id*.

Colur World's jurisdictional discovery request is solely based on bare allegations, and so must be denied. Because the declaration attached to SMI's motion to dismiss "does not describe

---

[2] For example, Colur World claims because SMI "fails to provide the volume or magnitude of its sales through Amazon . . . [i]t is therefore highly likely that Defendant has made Amazon its primary method of reaching consumers." Pl.'s Mem. Law Opp'n 8. Even if true, using Amazon as its primary method *across the country* does not show SMI directed its activities towards *Pennsylvania*. Colur World also argues SMI intentionally or knowingly conducted sales in Pennsylvania. Some of these arguments are bare assumptions. *See, e.g., id*. at 9 (concluding "it is likely that [SMI] intentionally conduct[s] sales with Pennsylvania residents" solely because SMI uses Amazon). Others are misleading, as when Colur World cites Shi's declaration to argue SMI "admits that they have knowingly made sales to Pennsylvania residents through Amazon" when the declaration does not suggest any such knowledge. *See id.* at 8. Indeed, Shi's reply declaration clarifies SMI was not aware of any Pennsylvania sales through Amazon until it began preparing the motion to dismiss. Shi Reply Decl. ¶ 3, ECF No. 11-1.

how many products were sold to Pennsylvania, or who manufactured and delivered those products into the state," Colur World argues "it is likely that [SMI] received orders for Infringing Products, manufactured them, and shipped" them to Pennsylvania. Pl.'s Mem. Law Opp'n 13. Bare allegations of what is "likely" does not justify jurisdictional discovery. Tellingly, SMI's reply declaration attests that "for all sales made through Amazon.com, Amazon handles all the shipping and carries out the sale of goods on behalf of SMI." Shi Reply Decl. ¶ 2. The Court thus concludes allowing jurisdictional discovery here would inappropriately launch a "fishing expedition." *Ripp*, 49 F.4th at 259 (citation omitted). The request is therefore denied.

Under 28 U.S.C. § 1631, a district court lacking jurisdiction "shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed or noticed." Neither party requested transfer in the alternative, but the Court may transfer a case sua sponte. *Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 132 (3d Cir. 2020) (citations omitted). The Court concludes it is in the interest of justice to transfer this case to the United States District Court for the Central District of California. SMI is a California corporation with its principal place of business in Irwindale, California. Compl. ¶ 2. The Central District of California thus may exercise general jurisdiction over SMI. *See Daimler*, 571 U.S. at 137 (explaining general jurisdiction is generally based on a corporation's place of incorporation and principal place of business). Venue is similarly appropriate due to SMI's ties to California. *See* 28 U.S.C. § 1391(b) ("A civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located[.]"). Additionally, because Colur World would have to refile this case if the Court dismissed it, transfer promotes judicial efficiency. The Court will therefore transfer this case to the Central District of California for further proceedings.

An appropriate Order follows.

BY THE COURT:

/s/ Juan R. Sánchez<br>Juan R. Sánchez, J.